Will of Butter: Butter, Appellant, vs. Burmeister, Respondent.

*November 5—December 2, 1941.*

250

*Herman M. Knoeller* of Milwaukee, for the appellant.

For the respondent there was a brief by *Affeldt & Lichtsinn,* attorneys, and *Eldred Dede* of counsel, all of Milwaukee, and oral argument by *George A. Affeldt.*

ROSENBERRY, C. J.    Upon this appeal it is contended that the trial court was in error in three respects:

(1) In determining that George A. Burmeister, Marvin Burmeister, and Harold C. Burmeister and the after-born children of Alma Burmeister were "the parties entitled thereto absolutely."

(2) The trial court erred in determining that the remainder of the one third of the residuary estate composing the corpus of the Alma Burmeister trust limited to a special class, namely,

the surviving children of the life tenant, Alma Burmeister, reaching respectively thirty years of age, was valid and did not violate the rule against perpetuities and the applicable Wisconsin statutes in force at the time of the death of the testator (1910).

(3) The trial court erred in applying the rule on vested remainders laid down in *Will of Roth* (1926), 191 Wis. 366, 210 N. W. 826, to this case because the facts of this case are clearly different and distinguishable from those in *Will of Roth*.

1. With respect to the first contention it appears that the deceased left him surviving the following adult heirs at law: Gustav A. Butter, his father, Elizabeth Butter, his mother, Ferdinand J. Butter, a brother, Gustav M. Butter, a brother, and Alma Burmeister nee Butter, a sister. The deceased left an estate, real and personal property, appraised at $85,210.57, of which $18,642.50 was real estate. If the testator had died intestate his estate would have descended to his parents. (Sec. 2270, par. 2, Stats. 1898.) It appears that his father was a wealthy man, leaving upon his death an estate of approximately $400,000. It is the contention of appellant that by the phrase "parties entitled thereto absolutely," the testator meant the parties entitled thereto under the law, and that he did not mean thereby the persons entitled thereto under his will. We think it is clear that by the phrase "parties entitled thereto absolutely," the testator meant the persons entitled thereto under his will upon the death of the life tenant, Alma Burmeister, and that the trial court correctly so held. The will was prepared by an able and experienced lawyer, Christian Doerfler, afterward a member of this court. The evident purpose of the testator was to divide his estate into three parts, one of which should go to his sister for life, to her children upon her death, the other two parts to go according to the will and the codicil to his two brothers.

2. The appellant argues very strenuously that the provision made by paragraph fourth of the will for Alma Burmeister and her children violates the rule against perpetuities and the Wisconsin statutes in force at the time of the testator's death; that by the terms of the trust the power of alienation was suspended for a period longer than that limited by statute and for that reason the trust was void.

Sec. 231.11 (5), Stats., provides: "Express trusts may be created for any or either of the following purposes: . . .

"(5) For the beneficial interests of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time . . . prescribed in this title."

The title referred to is Title XX, "Real Property, and the Nature and Qualities of Estates Therein." This subsection was given extended consideration in *Baker v. Stern* (1927), 194 Wis. 233, 267, 216 N. W. 147. It was there held:

"That the words in sub. (5), 'subject to the limitations as to time prescribed in this title,' merely import into sub. (5) the limitation as to the time during which the power of alienation may be suspended; the limitation of time as to the accumulation of rents and profits; the limitation of time prescribed for disposition of rents and profits; and other limitations, if any, which are contained in the title. The limitations prescribed are applicable only when by the terms of the trust a future estate is created or the accumulation of rents and profits is provided for or a disposition of rents and profits is made or other provisions of the statute relating to estates are involved when a limitation as to time is made." .

In this case it is claimed that the trust is void because by its terms the power of alienation is suspended for a period longer than that provided by secs. 2038 and 2039, Stats. 1909. The appellant bases his contention upon the proposition that by the terms of the trust the remainder does not vest within

the period limited by statute. At the time of the death of the testator (1910) this was limited to two lives in being at the creation of the estate and twenty-one years thereafter.

It is argued that the provision that the trust corpus was "to be withheld until the youngest had become thirty years of age"—resulted in an invalid trust, this for the reason that the remainder did not vest within the period limited by statute. Under the statutes then and now in force in this state as interpreted by the prior decisions of this court, the period during which the power of alienation is suspended is not determined in all cases by the time when the estate created vests. On the contrary, it is in the case of trusts made to depend upon whether there is a person or persons in being, no matter how numerous, who can pass a complete title to the land devised. In the particular case of a trust withheld the law is stated as follows:

"We adopt the doctrine that the absolute power of alienation is not suspended within the meaning of the statute so long as absolute power is located somewhere to alienate, regardless of the condition in which the equivalent of the property alienated may be left." *Becker v. Chester* (1902), 115 Wis. 90, 115, 91 N. W. 87, 91 N. W. 650.

In that decision many cases were reviewed and the doctrine fully reconsidered. The power to sell in this case is absolute. The matter rests as wholly within the discretion of the trustee as if he were in fact the owner in fee simple.

In *Holmes v. Walter* (1903), 118 Wis. 409, 411, 95 N. W. 380, 62 L. R. A. 986, the language of the devise was as follows:

"First. After the payment of my just debts and funeral expenses, I give, devise and bequeath to my beloved wife Mary, in trust for herself and my children, all of my estates, both real and personal with full power to continue my business if for the best interest of my estate.

"Second. I hereby nominate and appoint my friend John J. Sherman the executor of this my last will and testament."

The validity of the trust was attacked upon several grounds, among others, that it was indefinite in that the time when the trust was to terminate was not specified. The court said (p. 421):

"The mere fact that no limitation to the existence of the trust is stated is not an element of indefiniteness under the statute since the power of alienation is not unduly suspended. The trustee is empowered to sell the property at any time, so there is no infirmity as regards suspending the absolute power of alienation. If the trust were necessarily perpetual as to the converted fund, that would not offend against any law." Citing *Becker v. Chester, supra.*

*Becker v. Chester, supra,* has been the law of this state for nearly forty years. This court has declined to follow the court of appeals of the state of New York and hold that the rule against perpetuities in this state depends upon the remoteness of vesting. If a change is to be made in the rule, which has now become a rule of property, it should be done by an act of the legislature and not by judicial decision. This is not to suggest that such a change is necessary but only to point out how it is to be made if it is to be made. Forty years' experience under the rule involved in *Becker v. Chester* does not seem to have produced any undesirable results.*

3. What has been said makes it unnecessary to consider plaintiff's third contention.

*By the Court.*—Judgment affirmed.

---

* For an interesting discussion, see Suspension of Power of Alienation, Oliver S. Rundell, 19 Michigan Law Review, 235.